# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7792 PA (JCx) | Date | September 12, 2019 |
|---|---|---|---|
| Title | Annabelle Dominguez et al. v. 24-7 Safety et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

None                                                                     None

**Proceedings:**                 IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant Marathon Petroleum Company, LP ("Defendant"). (Docket No. 4.) Defendant asserts that the Court has federal question jurisdiction over this action, which is brought by plaintiffs Annabelle Dominguez, Asucena Cruz, Elizabeth Icedo, Linzie Fernandez, and Vanessa Pedraza (collectively "Plaintiffs"). See 28 U.S.C. § 1331. Plaintiffs originally commenced this action in the Superior Court of California for the County of Los Angeles on July 30, 2019. (Docket No. 4, Ex. A.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of the removal.

Here, Defendant's Notice of Removal has two glaring deficiencies: (1) the Notice was not timely filed, and thus is procedurally defective, and (2) Defendant has not adequately alleged that the Court has federal subject matter jurisdiction.

First, Defendant's Notice of Removal was not filed within 30 days of service and it is procedurally defective. See 28 U.S.C. § 1446(b)(1). Defendant states that "[o]n August 8, 2019, Plaintiffs served Defendant Marathon Petroleum Company LP ("Marathon") with the Summons,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7792 PA (JCx) | | Date | September 12, 2019 |
|---|---|---|---|---|
| Title | Annabelle Dominguez et al. v. 24-7 Safety et al. | | | |

Complaint, ADR Package, Notice of Case Assignment, and Voluntary Efficient Litigations Stipulations." (Docket No. 1 at 3.) Defendant correctly acknowledges that "[t]hirty days from August 8, 2019 is September 7, 2019. Because September 7, 2019 is a Saturday, the thirty-day removal period carried to Monday, September 9, 2019." (Id. at 5, n.1.) Although the Notice of Removal is dated September 9, 2019, it was not actually filed with this Court until September 10, 2019. Defendant filed a Declaration on September 12, 2019, explaining that the legal secretary "believed that the Notice and its attached declarations and exhibits were successfully received by this Court on September 9, 2019," and she "did not learn until the following day, September 10, 2019, that the Notice did not successfully go through the Court's electronic system on September 9, 2019." (Docket No. 12 at ¶¶ 3-5.) This is insufficient to cure the procedural defect, especially because "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (collecting cases).

Second, Defendant has failed to adequately allege that this Court has federal subject matter jurisdiction. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Defendant contends that the Court has federal question jurisdiction because this action arises under section 301 of the Labor Management Relations Act ("LMRA"). (Docket No. 4 at 8.) Section 301 of LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and
> what legal consequences were intended to flow from breaches of that
> agreement, must be resolved by references to uniform federal law, whether
> such questions arise in the context of a suit for breach of contract or in a
> suit alleging liability in tort. Any other result would elevate form over

substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26 (1994)). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988)).

"[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle, 486 U.S. at 409-10. Accordingly, preemption under section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007).

First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

Second, if the right asserted by the plaintiff is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc))). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

Here, Plaintiffs assert the following claims: (1) violation of SB 54, Health & Safety Code § 25536.7, (2) unfair business practices as defined by Business & Professions Code § 17200, et seq., (3) breach of contract, and (4) declaratory and injunctive relief. (Docket No. 4, Ex. A at 23-29 ("Compl.").) In Defendant's own words, "Plaintiffs' claims are predicated on the allegation that Defendants violated SB 54 by failing to comply with its alleged requirement to use a skilled and trained workforce for Safety Attendant work. Thus, to succeed on any of their claims, Plaintiffs must first establish that the Safety Attendant position is in fact an apprenticeable occupation under SB 54." (Docket No. 4 at 10.) This constitutes a clear assertion of a violation of a right conferred by state law rather than the CBAs.

Furthermore, the Court disagrees that Plaintiff's claim requires interpretation of the CBAs. Defendant alleges the Court will have to interpret provisions of various CBAs, such as "the job duties of UA Local 250's registered apprentices . . . in Appendix A of the UA Master Agreement, entitled "Scope of Work," and the job duties of a Safety Attendant . . . in the Safety Attendant LOU." (Id. at 10-11.) Defendant also claims the Court will have to interpret "Section 4.10 of the UA Master Agreement [because it] . . . contains the procedure and required ratios for dispatching journeymen, apprentices, and pre-apprentices." (Id. at 11.) But beyond these conclusory allegations, Defendant has failed to persuade the Court that anything more than "look[ing] at" the CBAs would be required to resolve whether Plaintiffs were wrongfully precluded from participating in the UA 250 Apprenticeship Program when they were employed in the Safety Attendant position. Balcorta, 208 F.3d at 1108. Although reference to the terms of an agreement may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993) ("[R]eference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms."); see also Burnside, 491 F.3d at 74 ("The basic legal issue presented by this case, therefore, can be decided without interpreting the CBA. Depending on how that issue is resolved, damages may have to be calculated, and in the course of that calculation, reference to – but not interpretation of – the CBAs, to determine the appropriate wage rate, would likely be required.") (emphasis in original); Jimeno, 66 F.3d at 1526-27.

| Case No. | CV 19-7792 PA (JCx) | Date | September 12, 2019 |
|----------|---------------------|------|--------------------|
| Title | Annabelle Dominguez et al. v. 24-7 Safety et al. | | |

     For the foregoing reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiffs' claims. This action is therefore remanded to the Superior Court of California in Los Angeles, Case No. 19STCP03215, for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.